May it please the Court, David Glassman for the appellate. Your Honors, this case returns to this Court following an evidentiary hearing ordered by this Court in which the District Court concluded that the State had failed to disclose to the defense information which this Court had deteemed material under Brady v. Maryland. By the way, we'll be trying to get through with two minutes from now. To briefly review the facts of this case, this case involves a matchbook found on the petitioner defendant when he was arrested. No, we really do know the facts. Okay, Your Honor. It's very good. You had the evidentiary hearing. You lost. Why are you here? We are here, Your Honor, because, well, for a couple of reasons. No, no, this is what district judges do. A district judge here may be finding a fact. I don't see how you could possibly argue with it. Because, Your Honor, what the District Court did not do and what this Court did not address in the prior appeal was, for example, the role that the ADPA will play in this case, the ADPA, which will control the standard of review. That is, it is our position that even if, and as the Court knows, we do question some of the ---- I thought this was an ADPA case, wasn't it? Your Honor, I think it is. Is it an ADPA case? I believe it is an ADPA case. That's correct. Yeah, I think the crime didn't occur until, what, 97 or 98. No, the crime is prior to that, Your Honor. But we ruled on all that stuff in the prior opinion. Well ---- Didn't we? We, we, we, that's how it was at prior. I got this case confused with another one. Your Honor, I, you, you would ---- We ruled on it, sir. You addressed opinions that would be relevant in the inquiry, but I don't read in the Court's opinion a, a, the discussion that I would propose is required, if I can be specific. Because you lost. Well, no, Your Honor, because I think there is a formulation that is required under the ADPA, for example, that goes beyond deciding whether or not one would conclude a ---- Well, I don't think I'm trying to do anything other than articulate that the controlling standard must be applied, and that was not addressed. Did the district court do what we ordered it to do on remand? Yes. Okay. And it came up with an answer to the question we posed. Okay. And the question was adverse to you. So there are two ways in which you can argue that. You can say that the district court clearly heard. You can say the district judge has gone wrong. Yes. Or you can say we were wrong in the prior appeal in posing the question. Which of those are you purporting to do? I'm proposing a third, Your Honor. The third is that in, for example, in the district court proceeding, evidence was developed regarding this issue, evidence, for example, which indicated that when investigation in this matter was done, and you'll recall that when you wrote in the prior opinion, Your Honor, that there was a theory, for example, at work here, that the victim in this case would have obtained a matchbook from one person in particular, and that if there was this evidence indicating that that had not happened, that would undercut that theory. There was evidence disclosed in the evidentiary hearing that during the investigation, when the investigator goes to this restaurant and interviews the owner of the restaurant and asks if he recognizes the victim from a photograph, the owner states, I don't recognize him, but I recognize the man next to him in the photograph, and that man is a regular at this restaurant and he's a mechanic. My point, Your Honor, is that I think that the prior decision in part rested on what the court viewed as the total lack of a legitimate inference of any connection between the victim and the restaurant. And the record that returns to this Court indicates that that is not an unreasonable inference to draw. The other point that I would make, and again, this is, if you will, leaving alone. This is a Brady violation, and the district court found that you, office, or you personally, I don't know who it was. I mean, I guess it wasn't you personally. It was the DA's office or whoever it was, deliberately failed to produce this evidence to the defense. The defense could have used this evidence to effect and would have been highly prejudicial for, would have been highly helpful to the defense and prejudicial to the prosecution. Now, you're trying to sort of deconstruct that, saying, well, there's additional evidence that casts doubt on that, but that's all the stuff that would have come out had your client or had the State simply done what was required to do, which is to provide the evidence to the defense. Your Honor, I would describe it differently, and that is when you refer to the district court finding, when this case was before the district court originally, the district court found no Brady violation. The court was compelled, as it wrote, to determine, in light of this Court's opinion, that materiality was off the table and was only evaluating the disclosure. There was no finding, I don't believe, of a willful failure to disclose. There was a finding that the court found. No, no. That's what we remanded for. We remanded for the district court to make a determination whether it was willful. Well, the district court made no finding that, for example, that there was any intentional nondisclosure of this. The court did find, based on its weighing of the evidence, that the information was not received by the defense. But the point, and I will try to make it briefly, the point that I would ask the court to look at. I thought that the prosecutor came in and said, I provided the evidence. The defense lawyer said I never got it. And the district judge said, I believe the defense lawyer. I think the prosecutor is not telling the truth. That is not my reading of the magistrate's evaluation, Your Honor. But what I would say, finally, before I use the rest of my time in rebuttal briefly, the court did cite Strickler in a prior opinion. In our view, Strickler is the controlling Supreme Court case. However, the court says in the prior opinion that the absence of this information undercuts a prosecution theory, that is, that a waiter gave it. First of all, we know that the defense knew from before this hearing and from after, we know that they knew that this waiter worked at the restaurant. We also know that there was no argument, no assertion at any time during the trial that that material, that that matchbook would have been received from Perdoe's Con. So I submit that is simply not accurate in terms of what the theory was. And the court does describe a prosecution theory that was never the theory asserted to the jury. The court indicates in the first instance. It sounds to me like you're arguing the earlier case. No, Your Honor. I'm arguing now on a matter. It's too late for a petition for a hearing. Yes, Your Honor. It would be. In the prior opinion, which was remanded for a hearing, the. It's law of the case. It's law of the circuit. If you want to file it in a bank petition, I suppose you could do it. But you can't really argue with it. Before I defer the rest of my time, I would point out that where the court does not discuss at all the role of the ADPA. The court you mean like. This court. This court. Well, again, any problems you have with the earlier opinion, you should have put in a petition for a hearing. But it's gone. It's over. You have to accept it as a gospel until it is over with the Supreme Court or the bank court. It is law of the case. It is law of the circuit. It doesn't do you any good. I would just suggest that when the case is remanded, meaning that. I'm sorry. Thank you, Your Honor. Good morning, Your Honor. I'm Philip Deitch. I'm appearing for appellee. In light of the Court's comments, I'm not going to spend much time. The court remanded the case to make a very specific determination, made the specific determination as to whether or not two points had been disclosed to the defense. One is whether or not the person in India had made an identification of the victim. The second was whether or not it was disclosed that the son had not made an identification of the victim. The court below analyzed the evidence in that regard carefully. It considered the conflicting evidence of both lawyers and made a credibility determination as to between those two lawyers that the defense counsel was more credible and the reasons for it were that had he known the information that was excluded, he certainly would have argued it. Either in a motion for new trial or in closing argument. That lawyer needed to make the argument indirectly, which he attempted to do, but obviously it was not as strong as if he had the direct evidence. The court made a credibility determination. It looked at the evidence and determined that the – that although the prosecutor himself may not have been clear about the information, certainly law enforcement did, the investigating officer did, and that is attributed to the prosecution. The court made that determination from the physical evidence that was submitted, that is, the reports of the investigating officer. The court made a determination of credibility. And I think there's nothing more to argue. I'm prepared to submit it, Your Honor. Thank you. Thank you. I will confine my reply to the argument that was made, so I'll leave the rest of the argument where it is, I guess. Insofar as we are describing this as a credibility contest, again, I think if one reviews the magistrate's evaluation, it is based overwhelmingly on documents that were presented to it. I don't recall any explicit description of credibility going on here. But nevertheless, and insofar as we do dispute the findings made by the magistrate, there is evidence in the trial record to which we pointed at the hearing in this court originally that indicates that disclosures were made. And in our view, the breadth of those disclosures and the impact of Strickler v. Green under the ADPA are still – So you're arguing with the district court's factual finding. You're also arguing with earlier opinion in that you think this is the question on which we remanded was, in fact, resolved by the earlier record. So now you've got two obstacles you're trying to vault. Well, I acknowledge that I have some obstacles, Your Honor, but I – I mean, we remanded. The district court did exactly what we asked it to do, looked at the evidence, made a factual finding. And now you want to tell us, well, there was really no reason for it at all because there was evidence in the trial record that would resolve this issue. Well, I don't know that – I don't believe that it's internally inconsistent to argue, as we did initially and as the district court initially found, that there was no Brady violation, and to then dispute the findings that were made. But I've exceeded my time. I would only say, in conclusion, that in our view, our request to this Court to evaluate materiality under the controlling statute does not exceed this Court's prior decision in any way. The Court remanded it for a limited purpose, meaning that the case was not over. It's back before this Court, the AEDPA controls, and Strickler v. Green would not allow relief – would not compel relief here in a case where no judge prior to the case warranted relief. Thank you. Okay. In the case of the arguable standard of living. That's it. That's the last case on the calendar. We are adjourned.
judges: Kozinski, Tallman, Sandoval